

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:19-CR-45** |
| | § | |
| **JAMES ALBERT KNIGHTON** | § | |

### FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
### BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that the defendant, James Albert Knighton, violated conditions of supervised release imposed by United States District Judge Janis Graham Jack. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #1-5) requesting the revocation of the defendant's supervised release. The Court conducted a hearing on June 9, 2021, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. The defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violation warrants the revocation of his supervised release.

1

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the Court finds:

a.      That the defendant, after consultation with counsel of record, has knowingly, freely, and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.      That the defendant is fully competent and capable of entering an informed plea, that the defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

## STATEMENT OF REASONS

### A.  Procedural History

On April 5, 2017, The Honorable Janis Graham Jack of the Eastern District of Texas sentenced the defendant after he was found guilty of the offense of Possession of a Firearm by a convicted felon, a Class C felony.   Judge Jack sentenced Mr. Knighton to 23 months imprisonment, to be followed by three (3) years of supervision subject to the standard conditions of release, plus special conditions to include 25 hours community service, drug testing and a $100.00 special assessment.   On September 27, 2017, Mr. Knighton completed his period of imprisonment and began service of the supervision term.

On March 22, 2019, the United States District Court for the Southern District of Texas transferred jurisdiction to the Eastern District of Texas.   The case was assigned to the docket of

United States District Judge Marcia A. Crone.

### B.    Allegations in Petition

The United States Probation Office alleges that the defendant violated the condition of his supervision requiring that he report to his United States Probation Officer as directed. Specifically, the petition alleges that on February 27, 2019, in the Eastern District of Texas, Beaumont, Texas, the United States Probation Officer supervising Mr. Knighton conducted a home visit at Knighton's residence to instruct him to report to the United States Probation Office on February 28, 2019.   Contact was made with Knighton's brother who advised the officer that he would give Knighton the reporting instructions.   Knighton failed to report has made no attempt to contact the United States Probation Office, and his whereabouts are unknown (at the time of the petition's filing).

### C.    Evidence presented at Hearing:

At the hearing, the Government proffered evidence in support of the allegation in the petition to revoke.   If the case proceeded to a contested hearing, the Government would present testimony from a United States Probation Officer who would aver that a home visit was made to Knighton's residence on February 27, 2019.   The officer would go on to state that reporting instructions were given to Mr. Knighton's brother, but the defendant failed to report to the United States Probation Office on February 28, 2019, as directed.

Defendant, James Albert Knighton, offered a plea of true to the allegations.   Specifically, he agreed that he failed to report to the United States Probation Office as directed in violation of his supervision conditions.

3

### D.   Sentencing Guidelines; Findings and Recommended Disposition

The allegations, supporting evidence and plea of true warrant revocation of supervised release.  *See* 18 U.S.C. § 3583(e)(3).  The Court factually finds by a preponderance of the evidence that the defendant violated a condition of his supervised release by failing to report as directed.  This conduct constitutes a Grade C violation under U.S.S.G. § 7B1.3(a)(1).  Upon finding a Grade C violation, the Court may revoke the defendant's supervised release.  *See* U.S.S.G. § 7B1.3(a)(2).

Based upon the Defendant's criminal history category of II and the Grade C violation, the sentencing guidelines suggest a sentence of imprisonment for a period ranging from 4 to 10 months.  *See* U.S.S.G. § 7B1.4(a).  Because the original offense of conviction was a Class C felony, the statutory maximum imprisonment term upon revocation is two (2) years.  *See* 18 U.S.C. § 3583(e)(3).

If the Court revokes a defendant's term of supervision and orders the defendant to serve a term of imprisonment for that revocation, the Court may also require that the defendant be placed on a new term of supervised release.  *See* 18 U.S.C. § 3583(h).  The length of this term of supervised release shall not exceed the term of supervised release authorized by statute for the offense which resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.  *Id.*  In this case, the authorized term of supervised release by statute is not more than three (3) years.  *See id.*

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only.  *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United*

4

*States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)).   Because Chapter 7 was promulgated as

an advisory policy statement and there are no applicable guidelines for sentencing after revocation

of supervised release[1], the Court may impose a greater or lesser sentence upon revocation. *United*

*States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001).   Further, a sentence imposed for revocation

will be upheld unless it is in violation of the law or plainly unreasonable.   *Id.   See also United*

*States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that the

defendant committed a Grade C violation of his supervision conditions.   Defendant pled true,

agreed with the Court's recommended sentence for that violation, and waived his right to allocute

before the District Court.

Accordingly, based upon the defendant's plea of true, the agreement of the parties, and the

evidence presented in this case, it is the recommendation of the undersigned United States

Magistrate Judge that the District Court accept the plea of true and revoke Defendant's supervised

release.   The undersigned magistrate judge recommends that the District Court order Defendant,

James Albert Knighton, to serve a term of **six (6) months imprisonment** with credit for any back

custody time due in this revocation proceeding.

The Court further recommends that, upon release from prison, the defendant serve a new

term of **supervised release of one (1) year**.   The new term of supervision should be subject to

the same mandatory and standard conditions adopted by the Court and imposed in the original

judgment of conviction, as well as the special conditions recommended by the United States

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen
to promulgate policy statements only.")

Probation Office.  The Court further finds that the recommended special conditions are still relevant based on the record of the case and the evidence submitted by the Probation Office in conjunction with the petition to revoke.  *See United States v. Caravayo*, 809 F.3d 269, 276 (5th Cir. 2015) (requiring that special conditions be tailored to the individual defendant and supported by the record).

Accordingly, the new term of supervised release should include the following conditions, as recommended by the United States Probation Office:

"You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

While on supervised release, you must not commit another federal, state, or local crime. You must not unlawfully possess a controlled substance. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two other periodic drug tests thereafter, as determined by the Court. You must comply with the standard conditions that have been adopted by the Court.

Additionally, the Court finds the special conditions originally imposed by the Court are still relevant and are reimposed as follows:

You must perform 25 hours of community service as directed by the probation officer.

You must participate in a program of testing and treatment for drug abuse, and follow the rules and regulations of that program until discharged. The probation officer, in consultation with the treatment provider, will supervise your participation in the program. You must pay any cost associated with treatment and testing."

## OBJECTIONS

Objections must be:   (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report.   *See* 28 U.S.C. § 636(b)(1).    A party's failure to object bars that party from:   (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, and (2) appellate review, except on grounds of plain

error of unobjected-to factual findings and legal conclusions accepted by the district court.    *See Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation.    *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 14th day of June, 2021.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE